Below is the Court's Report and Recommendation.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br>Rebecca Campos,<br>                    Debtor. | Bankruptcy Case<br>No. 14-33295-rld7 |
| Rebecca Campos,<br>                    Plaintiff,<br>v.<br>Bluestem Brands, Inc., and WebBank,<br>                    Defendants. | Adv. Proc. No. 14-03241-rld<br><br>REPORT AND RECOMMENDATION<br>RE:   WITHDRAWAL OF THE<br>REFERENCE |

Chapter 7 Debtor, Plaintiff herein, filed an adversary proceeding seeking damages pursuant to § 362(k) for Defendants' alleged willful violation of the automatic stay in attempting to collect a debt that debtor contends is the subject of her discharge previously entered in her chapter 7 bankruptcy case.  Plaintiff seeks class action status for this litigation pursuant to Fed. R. Civ. P. 23.

Defendants have filed a motion to compel arbitration as provided by

Page 1 - REPORT AND RECOMMENDATION RE: WITHDRAWAL OF THE REFERENCE

the credit agreement which forms the basis of the relationship between the parties. Alternatively, Defendants seek dismissal of the adversary proceeding complaint.

Defendants' motion raises issues regarding substantial and predominant state law and federal law issues independent of any bankruptcy issues raised in the adversary proceeding complaint. First, the motion raises state law questions regarding the scope of the arbitration clause, which is purely a matter of state contract law. See Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Marathon Pipeline Co.), 458 U.S. 50 (1982). Second, although the scope and application of § 362 of the Bankruptcy Code raised by the Plaintiff is a fundamental bankruptcy issue within my core jurisdiction pursuant to 28 U.S.C. § 157(b)(2), the scope and application of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., raised by the Defendants is a fundamental issue of federal law that is not within my core jurisdiction.

Defendants' have expressly refused to consent to the entry by the bankruptcy court of any final order in this adversary proceeding.

If only legal issues are implicated in the adversary proceeding, any determination I might make would require two levels of appeal to reach the Ninth Circuit. In light of Defendants' explicit unwillingness to consent to my entry of any final order in this adversary proceeding, any findings of fact I might make would be subject to de novo determination at the district court level. Additionally, Stern v. Marshall, 564 U.S. 2 (2011), raises ambiguity even as to any core jurisdiction I might have in these circumstances.

I therefore recommend pursuant to LBR 9033-1 and LR 2100-4 that the

Page 2 - REPORT AND RECOMMENDATION RE: WITHDRAWAL OF THE REFERENCE

reference be withdrawn, based upon principles of judicial economy. <u>See Security Farms v. Int'l Brotherhood of Teamsters</u>, 124 F.3d 999, 1008-09 (9th Cir. 1997).

# # #

Michael Fuller
Kelly Donovan Jones
Brandy A. Sargent
Aaron D. Van Oort

Page 3 - REPORT AND RECOMMENDATION RE: WITHDRAWAL OF THE REFERENCE